### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CRYSTAL M. GIVENS,<br><br>                    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner, Social Security<br>Administration,<br><br>                    Defendant. | Case No. 05-CV-612-FHM |

### ORDER

Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act [Dkt. 34] is before the Court for decision.

Plaintiff seeks an award of attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $15,105.30 based upon 92.20 hours of work performed before this Court and the Tenth Circuit Court of Appeals.  The Commissioner argues that fees should be denied for the reason that its position was substantially justified.

The Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, requires the United States to pay attorney fees and costs to a "prevailing party" unless the Court finds the position of the United States was substantially justified, or special circumstances make an award unjust. 28 U.S.C. § 2412(d).  In *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), the Supreme Court defined "substantially justified" as "justified in substance or in the main--that is, justified to a degree that could satisfy a reasonable person." "Substantially justified" is more than "merely undeserving of sanctions for frivolousness."  *Id.*  A position may be substantially justified even though it was not supported by substantial evidence.  If this were not the case, there would be "an automatic

award of attorney's fees in all social security cases in which the government was unsuccessful on the merits." *Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir. 1988). Reasoning that such an automatic award of fees under the EAJA would be contrary to the intent of Congress, the Tenth Circuit has adopted the majority rule "that a lack of substantial evidence on the merits does not necessarily mean that the government's position was not substantially justified." *Id.* at 1267.

The government has the burden of establishing its position was substantially justified. *Hackett v. Barnhart*, 475 F.3d 1166, 1169 (10th Cir. 2007). In evaluating whether the government's position was substantially justified, the focus is on the issue that led to remand, rather than the ultimate issue of disability. *Flores v. Shalala*, 49 F.3d 562, 566 (9th Cir. 1995). Therefore, the government must justify both its position in the underlying administrative proceedings and its position in any subsequent court litigation. *Hackett,* 475 F.3d at 1170. Consequently, fees should generally be awarded where the agency's underlying action was unreasonable even if the government advanced a reasonable litigation position. *Id.* at 1174, quoting *United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002).

Applying the foregoing to the instant case, the undersigned finds that the Commissioner has not established that its position was substantially justified, therefore EAJA fees should be awarded. In its Order reversing and remanding the case, the Tenth Circuit determined that the case should be remanded because there were multiple significant errors in the ALJ's analysis of Plaintiff's mental impairments. [Dkt. 31, p. 10]. Although the ALJ found that Plaintiff's depression constituted a "severe impairment" at step two of the evaluative sequence, he failed to include any mental limitation in the residual

functional capacity analysis. [Dkt. 31, p. 13]. A "severe" impairment is one which significantly limits the physical or mental abilities to do basic work activities. 20 C.F.R. §§ 400.1521(a), 416.921(a). Therefore, by definition, "once a mental impairment is considered to be severe, it must be included in the residual functional capacity assessment. . . . " *Hargis v. Sullivan*, 945 F.2d 1482, 1488 (10th Cir. 1991). The Tenth Circuit's analysis demonstrates that the government's position was not substantially justified at the agency level. Therefore, an award of EAJA fees is appropriate.

The Commissioner poses no objection to the amount of fees sought. The undersigned has reviewed the fee request and has determined that the amount requested, $15,105.30, is reasonable.

The undersigned finds that Plaintiff should be awarded EAJA fees in the amount of $15,105.30. Pursuant to the Commissioner's usual practice, the check should be made payable to Plaintiff and mailed to counsel's address. *See Manning v. Astrue*, 510 F.3d 1246, 1254-55 (10th Cir. 2007)(the award of EAJA attorney's fees is to claimant and not to the attorney). If attorney fees are also awarded and received by counsel under 42 U.S.C. § 406(b) of the Social Security Act, counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

SO ORDERED this 27th day of February, 2008.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE